UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**James LePage,**

    **Plaintiff,**

-V-                                                Case No. 2:03-CV-0062
                                                         JUDGE SMITH
                                                         Magistrate Judge Kemp

**Board of Trustees of Thorn Township,**
**et al.,**

    **Defendants.**

## OPINION AND ORDER

Plaintiff James LePage ("LePage") brings this action for money damages against the Board of Trustees of Thorn Township, and Thorn Township Trustees David Hoops and Gerald E. Parks. LePage alleges that on January 21, 2001, Defendants David Hoops and Gerald Parks "acting on behalf of Defendant, Board of Township Trustees and individually, did, without privilege to do so, enter upon the premises of Plaintiff, James LePage…and without authorization, legal process or authority, removed seven motor vehicles from the property." Complaint at para. 1. LePage further alleges that these actions were in "violation of United States Code Section 1983 and the Constitution of the State of Ohio in the United States to wit, that they were done without due process of law." Complaint at para. 2.

Defendants move for summary judgment. For the reasons that follow, the Court grants defendants' summary judgment motion.

1

## I.  Facts

The following facts are set forth in the affidavit of J. David Hoops, and are not disputed by plaintiff:

J. David Hoops is a lawfully elected Trustee of Thorn Township, Perry County, Ohio, and has held that position since 1999. In 2000, Thorn Township received several complaints concerning the condition of property located at 12395 Lonesome Road/CR 72 in Thorn Township.  In particular, it was reported that there were several motor vehicles on the property that were inoperable and/or in very poor condition.  After further investigation and consultation with the Perry County Prosecutor, on October 18, 2000, the Thorn Township Trustees issued a Notice of Hearing to Mr. James LePage at 12395 Lonesome Road, Thornville, Ohio.  The Notice indicated that there would be a hearing on October 24, 2000 at 8:00 p.m. at the Thorn Township Meeting Hall to determine whether or not there was vegetation, garbage, or debris on the premises which constituted a nuisance under Ohio Revised Code Section 505.87.

On October 24, 2000, the Thorn Township Trustees conducted a hearing concerning the condition of the property located at 12395 Lonesome Road/CR 72. Based upon the evidence presented, the Board of Trustees determined that the motor vehicles on the property constituted a nuisance under O.R.C. 505.87.  Following the hearing, the Thorn Township Trustees sent a Notice to Abate Nuisance by certified mail to Mr. James LePage, advising him of the finding of the Board of Trustees. The Notice further informed Mr. LePage to abate the nuisance within seven days. Otherwise, the Board of Trustees would provide for the abatement and removal of the motor vehicles.

Several weeks passed, and Mr. LePage failed to comply with the Notice to Abate Nuisance. On January 21, 2001, after consultation with the Perry County Prosecutor, Thorn Township arranged to remove seven motor vehicles from the property located at 12395 Lonesome Road/CR 72 that were the subject of the Notice to Abate Nuisance. Thorn Township avers that it was acting pursuant to authority to abate nuisances under O.R.C. 505.87.

## II. Summary Judgment

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).[1] The Court disregards all evidence favorable to the moving party that the jury would not be not required to believe. Id. Stated otherwise, the Court must credit evidence favoring the nonmoving party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses. Id.

The Sixth Circuit Court of Appeals has recognized that Liberty Lobby, Celotex, and Matsushita have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476 (6th Cir. 1989). The court in Street

---

[1] Reeves involved a motion for judgment as a matter of law made during the course of a trial under Fed. R. Civ. P. 50 rather than a pretrial summary judgment under Fed. R. Civ. P. 56. Nonetheless, standards applied to both kinds of motions are substantially the same. One notable difference, however, is that in ruling on a motion for judgment as a matter of law, the Court, having already heard the evidence admitted in the trial, views the entire record, Reeves, 530 U.S. at 150. In contrast, in ruling on a summary judgment motion, the Court will not have heard all of the evidence, and accordingly the non-moving party has the duty to point out those portions of the paper record upon which it relies in asserting a genuine issue of material fact, and the court need not comb the paper record for the benefit of the nonmoving party. In re Morris, 260 F.3d 654, 665 (6th Cir. 2001). As such, Reeves did not announce a new standard of review for summary judgment motions.

identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. Id. at 1479.

Additionally, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Id. (quoting Liberty Lobby, 477 U.S. at 257). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. Id. It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" Id. (quoting Matsushita, 475 U.S. at 586).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." Id. at 1479-80. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. In re Morris, 260 F.3d 654, 665 (6th Cir. 2001).

### III. Discussion

The essential elements of procedural due process are (1) notice and (2) an opportunity to be heard. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). Here, it is undisputed that plaintiff was afforded both notice and an opportunity to be heard.

Plaintiff's allegation that defendants acted without authority also arguably raises a substantive due process claim. See Southview Associates, Ltd. v. Bongartz, 980 F.2d 84, 104 (2d Cir. 1992)(dicta). However, defendants were acting pursuant to the authority granted to them by the Ohio General Assembly in Ohio Rev. Code § 505.87, which specifically provides that a board of township trustees may abate nuisances on land within the township.

For these reasons, defendants are entitled to summary judgment in their favor as a matter of law.

### IV. Disposition

Based on the above, the Court **GRANTS** defendants' summary

judgment motion (Doc. 38).

The Clerk shall enter final judgment in favor of defendants, and against plaintiff, dismissing this action in its entirety with prejudice.

The Clerk shall remove this case from the Court's pending cases and motions lists.

The Clerk shall remove Doc. 38 from the Court's pending CJRA motions list.

Doc. 39 is not a motion. The Clerk shall remove Doc. 39 from the Court's pending CJRA motions list.

**IT IS SO ORDERED.**

 /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**